# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MCILWAIN, LLC a/k/a TIMOTHY MCILWAIN, Attorney-at-Law<br><br>Plaintiff<br><br>V.<br><br>HAGENS, BERMAN, SOBEL, SHAPIRO LLP, STEVE BERMAN, ESQ., ROBERT B. CAREY, ESQ., LEONARD W. ARAGON, ESQ., and JOHN DOE(S), 1-10 (fictitiously named Defendant(s),<br><br>Defendants. | Case No. 1:17-cv-01257<br><br>**MOTION DATE: February 5, 2018** |

## DEFENDANT HAGENS BERMAN SOBOL SHAPIRO LLP'S MOTION TO DISMISS OR TRANSFER

Simon B. Paris
Patrick Howard
Charles J. Kocher
**Saltz, Mongeluzzi, Barrett & Bendesky, P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Phone: (215) 496-8282
Fax: (215) 496-0999
sparis@smbb.com
phoward@smbb.com
ckocher@smbb.com

Counsel for Defendant Hagens Berman Sobol Shapiro LLP

# TABLE OF CONTENTS

I.    INTRODUCTION........................................................................................... 1

II.   BACKGROUND............................................................................................ 3

     A.   The *Keller* case—litigated for six years in the Northern District of California—results in a landmark recovery for a certified class of NCAA student-athletes.............................................................................................. 3

     B.   Plaintiff filed a flawed lawsuit, refused to consolidate his case with the other related matters, resulting in Electronic Arts obtaining summary judgment against Plaintiff's client before discovery was taken....................... 4

     C.   The Ninth Circuit affirms the *Keller* decision and the parties, including Plaintiff and his client Hart, engage in settlement discussions until Hart terminates Plaintiff and hires new counsel...................................................... 8

     D.   The parties, including Hart and his new counsel, reach a new settlement and the court resolves all fee disputes............................................................ 9

III.  ARGUMENT ............................................................................................... 11

     A.   This case should be dismissed because the court cannot exercise personal jurisdiction over the defendant. .................................................................... 12

          i.    There is no general jurisdiction over Hagens Berman.................... 12

          ii.   There is no specific jurisdiction over Hagens Berman. .................. 14

     B.   This case should be dismissed because the venue is improper............... 17

     C.   If the Court is not inclined to dismiss Hagens Berman, it should transfer the case to the Northern District of California. ............................................ 19

IV.  CONCLUSION ........................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ajax Enterprises, Inc. v. Szymoniak Law Firm, P.A.*,
   No. CIV.A. 05-5903 NLH, 2008 WL 1733095 (D.N.J. Apr. 10,
   2008) ................................................................................13

*Al-Ghena Int'l Corp. v. Radwan*,
   957 F.Supp.2d 511 (D.N.J. 2013).............................................18, 19

*Christie v. National Institute for Newman Studies, et al.*,
   258 F.Supp.3d 494 (D.N.J. 2017)................................... 14, 15, 16, 17

*Daimler AG v. Bauman*,
   134 S.Ct. 746, 187 L.Ed. 2d 624 (2014)........................................12

*Elkins v. Grewal*,
   No. A-5440-05T1, 2007 WL 1931339 (N.J. Super. Ct. App. Div.
   July 5, 2007) ................................................................................14

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915, 131 S.Ct. 2846 (2011) ............................................12

*Hart v. Electronic Arts, Inc.*,
   717 F.3d 141 (3rd Cir. 2013) ...........................................................6

*Hart v. Electronic Arts, Inc.*,
   808 F.Supp.2d 757 (D.N.J. 2011).............................................*passim*

*Hart v. Electronic Arts, Inc. et al.*
   Case No. 09-cv-05990 .....................................................................7

*Imo Indus., Inc. v. Kiekert AG*,
   155 F.3d 254 (3d Cir. 1998)............................................................12

*Job Haines Home for the Aged v. Young*,
   936 F.Supp. 223 (D.N.J. 1996) ......................................................20

*Keller v. Elec. Arts, Inc.*,
   No. 09-cv-01967, 2010 WL 530108 (N.D. Cal Feb. 8, 2010)....................*passim*

*Lafferty v. St. Riel*,
    495 F.3d 72 (3rd Cir. 2007) ...................................................................20

*In re NCAA Student-Athlete Name & Likeness Licensing Litigation*,
    724 F.3d 1268 (9th Cir. 2013)..............................................................8, 9

*Senju Pharma. Co., Ltd, et al. v. Metrics, Inc., et al.*,
    96 F.Supp.3d 428 (D.N.J. 2015)................................................................12

**Statutes**

28 U.S.C. § 1391(b) .................................................................................18

28 U.S.C. §§ 1404(a) ......................................................................1, 19, 20

28 U.S.C. § 1406(a) ......................................................................1, 18, 19

**Other Authorities**

First Amendment ...................................................................................5, 6, 8

Federal Rule of Civil Procedure 12(b) ...............................................1, 12

Federal Rule of Civil Procedure 23(g) .................................................4, 7

## I.      INTRODUCTION

Defendant Hagens Berman Sobol Shapiro LLP  ("Hagens Berman")[1]
respectfully moves for an order under Federal Rule of Civil Procedure 12(b)(2) and
(3) and 28 U.S.C. § 1406(a) dismissing this case for lack of personal jurisdiction
and/or improper venue or, in the alternative, transferring this case under 28 U.S.C.
§§ 1404(a) or 1406(a) to the Northern District of California, where *Keller, et al. v.
Electronic Arts, Inc., et al.*, Case No. 09-01967 ("*Keller*")—a certified nationwide
class action involving NCAA collegiate athletes—was resolved in 2015, and where
Plaintiff's allegations regarding distribution of fees were argued, considered, and
adjudicated.

Plaintiff asserts the same arguments and seeks the same relief here as he
sought in the *Keller* litigation. Dissatisfied with the ruling in the Northern District
of California, Plaintiff sued Hagens Berman and three of its partners. This Court,
however, lacks personal jurisdiction over Hagens Berman and the other
defendants.[2] First, there is no general jurisdiction over the Firm, a Washington
limited liability partnership. The Firm is not "at home" in New Jersey. The Firm
does not maintain an office in New Jersey or hold assets in the State. Because the

---

[1] Plaintiff misstates and misspells the name of the firm in his caption. Instead of
Hagens, Berman, Sobel, Shapiro LLP, it is Hagens Berman Sobol Shapiro LLP.

[2] Defendant Steve Berman filed a similar motion to dismiss or transfer on
December 13, 2017. Plaintiff has not served the other individual defendants, but
the Court lacks jurisdiction over them for the same reasons as it lacks jurisdiction
over Mr. Berman and Hagens Berman.

Firm primarily handles nationwide class actions, Hagens Berman has occasionally litigated cases in New Jersey, but the Firm's contacts are not so "continuous and systematic" as to render it at home in the District.

Second, there is no specific jurisdiction over the Firm. The acts giving rise to the complaint took place primarily in California, and the California court—to the extent it did not already resolve Plaintiff's claims years ago—retained jurisdiction to resolve any issues related to the class action settlement. And although the Firm filed a putative class action in New Jersey to protect the nationwide class from Plaintiff, the case was never substantively litigated and the Firm's attorneys were never granted pro hac vice admission. More importantly, the New Jersey action filed by Hagens Berman has no relation to Plaintiff's causes of action here—his claim that he is entitled to a larger portion of the fees recovered in the nationwide class action would be the same had Hagens Berman never filed a case in New Jersey—and therefore cannot form the basis for specific jurisdiction over the Firm.

Even if there is personal jurisdiction over Hagens Berman, the District of New Jersey is not the proper venue to adjudicate this case. The *Keller* litigation was filed in 2009, and final judgment was entered on August 19, 2015. Hagens Berman was appointed lead counsel for a nationwide class of NCAA basketball and football players by the Honorable Claudia Wilken and was commended on the outstanding recovery obtained for the class. Judge Wilken resolved the fee disputes

between the attorneys for the class, including the dispute raised here—that Plaintiff McIlwain is contractually entitled to a portion of the fees even though the contract was never executed or performed—by awarding him a fraction of the fees he requested and, as explained below, admonishing his work. The *Keller* Court retained jurisdiction to resolve all disputes related to the settlement, including the claims raised here. For reasons of judicial comity, fairness to the parties, and efficiency, Defendant Hagens Berman respectfully requests the Court dismiss this case or transfer it case to Honorable Claudia Wilken in the Northern District of California to allow her to resolve this dispute. Having presided over the case for over eight years, she is best equipped to resolve the issues raised by Plaintiff.

## II.    BACKGROUND

**A.    The *Keller* case—litigated for six years in the Northern District of California—results in a landmark recovery for a certified class of NCAA student-athletes.**

On May 5, 2009, Hagens Berman filed *Keller, et al. v. Electronic Arts, Inc.*, *et al.*, (Case No. 09-01967) in the Northern District of California. This nationwide class action was the first to allege Electronic Arts, the NCAA, and the Collegiate Licensing Company used the names, images, and likenesses of college football and basketball players in videogames without their permission. *Id.* Numerous related cases followed *Keller*, including several antitrust cases, and each (with the exception of Plaintiff's case) was consolidated for efficiency in the Northern

3

District of California and re-captioned *In re NCAA Student-Athlete Name &*
*Likeness Licensing Litigation. Keller* Dkt. 145.

Several firms sought to be named interim lead counsel under Federal Rule of
Civil Procedure 23(g), but the court (with the support of many other firms)
appointed Hagens Berman and Hausfeld LLP as interim co-lead counsel. *Keller*
Dkt. 146. Hagens Berman was given primary responsibility for the right of
publicity claims and Hausfeld LLP was given primary responsibility for the
antitrust claims. *Id.* The two firms litigated against well-financed and aggressive
defendants as co-lead counsel for five years, eventually recovering $60,000,000 for
a nationwide class of student-athletes. The recovery was the first time the NCAA
agreed to pay student-athletes for the commercial use of their names, images, and
likenesses while still allowing them to compete in NCAA sports. Former Chief
Judge of the Northern District, the Honorable Claudia Wilken, commended the
Firm for its efforts on behalf of the class in resolving the right of publicity claims.
Compl. Ex. B at 20.

**B.     Plaintiff filed a flawed lawsuit and refused to consolidate his case with
the other related matters, resulting in Electronic Arts obtaining
summary judgment against Plaintiff's client before discovery was taken.**

On June 12, 2009, Plaintiff filed a complaint in the Superior Court of New
Jersey against Electronic Arts for using the names, images, and likenesses of
former student-athletes Ryan Hart and Troy Taylor. On July 28, 2009, Electronic

Arts moved for a more definite statement because the complaint failed to identify which games allegedly contained the plaintiffs' likenesses and what attributes constituted their likenesses. *Hart* Dkt. 23 at 2. On October 24, 2009, Plaintiff filed an Amended Complaint dropping Mr. Taylor as a plaintiff and ostensibly correcting the errors in the previous complaint. *Id.* Electronic Arts removed the case to federal court and filed a motion to dismiss. *Id.*

The motion to dismiss argued there were insufficient facts detailing the attributes Plaintiff believed were misappropriated. *Id.* at 10. The Honorable Freda L. Wolfson agreed. *Id.* Plaintiff tried to remedy the pleading defect by submitting a declaration from his client but the court rejected Plaintiff's attempt to amend by declaration and granted the motion to dismiss with leave to amend. *Id.* at 10-11.

Notably, Electronic Arts argued that, assuming it had misappropriated student-athletes' names, images, and likenesses, the First Amendment protected its conduct. *Id.* at 16-17. Hagens Berman had already defeated this argument in the consolidated action. *Keller* Dkt. 150. Plaintiff urged the court to adopt the *In re NCAA Student-Athlete Name & Likeness Licensing Litigation* reasoning, but the court refused to consider the defense until fundamental pleading deficiencies in the complaint were corrected. *Id.* The court, however, agreed to consider the defense "by way of an appropriate motion brought by [Electronic Arts]" after Plaintiff filed his second amended complaint. *Id.*

5

On October 23, 2010, Plaintiff filed a Second Amended Complaint and

Demand for Jury Trial. *Hart* Dkt. 25. Electronic Arts moved to dismiss the second

amended complaint or in the alternative enter summary judgment on November 12,

2010. *Hart* Dkt. 31. The Court granted the motion for summary judgment on

September 9, 2011, finding Defendant's conduct was protected by the First

Amendment. *See Hart v. Electronic Arts, Inc*., 808 F.Supp.2d 757 (D.N.J. 2011).

Hart appealed. Given the potential ramifications of the Court's decision to allow

the commercial use of athletes' names, images, and likenesses without their

permission or compensation on First Amendment grounds, the players'

associations for several major professional leagues hired Michael Rubin of

Altshuler, Berzon, Nussbaum & Rubin to file an amicus and assist Plaintiff in

litigating the appeal. *Hart v. Electronic Arts, Inc*., 717 F.3d 141 (3rd Cir. 2013);

Compl. Ex. B at 7. Mr. Rubin argued the appeal to the Third Circuit and the

appellate court reversed and remanded the trial court decision. USCA Opinion

*Hart* Dkt, 59. The Third Circuit adopted the *In re NCAA Student-Athlete Name &*

*Likeness Licensing Litigation* reasoning in rejecting Electronic Art's First

Amendment defense. *Compare Keller v. Elec. Arts, Inc*., No. 09-cv-01967, 2010

WL 530108 at *3-*5 (N.D. Cal Feb. 8, 2010) with *Hart*, 717 F.3d at 163-169.

On remand, *Hart* was not substantively litigated. *Hart v. Electronic Arts,*

*Inc. et al.* Case No. 09-cv-05990 docket, Exhibit 1. There is no indication Plaintiff

6

served or responded to discovery. Plaintiff never sought appointment as interim lead counsel, or sought to have Mr. Hart appointed interim class representative. *See* Fed. R. Civ. P. 23(g)(3) and (4). Plaintiff, after he was fired and Mr. Hart obtained new counsel, bizarrely attempted to replace Mr. Hart as the class representative, but ultimately withdrew his motion. Dkts. 76, 77, 83, 97. It does not appear Plaintiff submitted a case management schedule or otherwise attempted to move the case forward following remand. Ex. 1. The trial court administratively dismissed the case on September 16, 2014. Dkt. 102.

On August 27, 2013, shortly after remand, Hagens Berman filed *Alston v. Electronic Arts Inc.*, in the District of New Jersey (Case No. 13-cv-05157), to protect the nationwide class in case Plaintiff did something detrimental to the class, such as attempting to settle without the benefit of the substantial discovery gathered by co-lead counsel in *In re NCAA Student-Athlete Name & Likeness Licensing Litigation*. The Firm's goal was to consolidate *Alston* with *Hart* and transfer the consolidated case to the Northern District of California or seek a stay pending resolution of the nationwide class in the Northern District of California or at least coordinate the related cases, but this never occurred because Plaintiff failed to substantively litigate *Hart*. Three Hagens Berman attorneys sought pro hac vice admission in *Alston*, but these motions were never ruled on by the court. After filing the complaint, *Alston* was handled entirely by William J. Pinilis of Pinilis

Halpern, based in Morristown, New Jersey. *See Alston*, Dkt. 1 (Describing Mr.

Pinilis as "Lead Attorney.").

**C.    The Ninth Circuit affirms the *Keller* decision and the parties, including Plaintiff and his client Hart, engage in settlement discussions until Hart terminates Plaintiff and hires new counsel.**

Co-lead counsel in *Keller* conducted significant discovery while Electronic

Arts pursued its appeal to the Ninth Circuit. Discovery involved all defendants,

named class representatives, and multiple third-parties and took place over the

course of several years. Discovery included: (1) taking and defending dozens of

depositions, (2) collecting, reviewing, and coding over 257,000 documents, (3)

exchanging thousands of e-mails with class members, third parties, co-counsel, and

opposing counsel, (4) resolving dozens of substantive discovery disputes, (5)

propounding and responding to hundreds of requests for production,

interrogatories, and requests for admission, and (6) generally litigating the case

against aggressive defendants for over six years. *See, e.g.,* Compl. Ex. B at 4-5

(Order for Attorneys' Fees).

On July 31, 2013, the Ninth Circuit affirmed Judge Wilken's decision

rejecting EA's First Amendment defense. *In re NCAA Student-Athlete Name &

Likeness Licensing Litigation*, 724 F.3d 1268, 1279 (9th Cir. 2013). After remand,

the trial court set a trial date for March 23, 2015. Ex. B. at 5. Because the *Keller*

Plaintiffs (unlike Hart) engaged in substantive discovery while their case was on

appeal, the *Keller* Plaintiffs were prepared to seek class certification and proceed to

trial on remand. *Id*. Given the Ninth Circuit decision and impending trial date, the

parties mediated with Randy Wulff on September 10, 2013. *Id*. at 9.

During that session, plaintiffs in each case reached a settlement in principle

with Electronic Arts and the Collegiate Licensing Company. *Id*. At the mediation,

Mr. Hart was represented by Plaintiff. *Id*. Following the mediation, however, "Mr.

Hart rejected the settlement and replaced his counsel [Plaintiff McIlwain], re-hiring

the McKenna Law Firm along with Lum, Drasco & Positan LLC." *Id*.; *see also*

Hart Dkt. 82 Ex. 1 (explaining Plaintiff's failure to tell Hart about the settlement

before Plaintiff approved it, and further detailing Plaintiff's failure to communicate

about the settlement after it was allegedly consummated.).

**D.    The parties, including Hart and his new counsel, reach a new settlement
        and the court resolves all fee disputes, including the dispute raised by
        Plaintiff McIlwain here.**

The right-of-publicity plaintiffs, including Mr. Hart and his new counsel,

began re-negotiating the settlement at a September 10, 2013 mediation, working

closely with the mediator and co-counsel until May 2014, when the final settlement

was filed with the court. *Id*. Negotiations were long and tedious, in part, because

Hart's new counsel had to familiarize itself with the complicated procedural,

factual, and legal history of the case. The settlement included an agreement

between Hart's *new* counsel and Hagens Berman to pay the McKenna Law Firm

and Lum, Drasco & Positan LLC (collectively "McKenna Law Firm") $300,000 of

any fee received from the settlement and not to object to the lodestar amount

claimed by them in their fee application to the court. *Id.* Hagens Berman also

separately continued to negotiate with the NCAA, ultimately resolving its case

against the NCAA on June 9, 2014. *Id.* at 11.

Six years after filing, the court approved a $60,000,000 settlement for a

nationwide class of student-athletes against the NCAA and Electronic Arts. *Id.*

$40,000,000 was attributable to the settlement with Electronic Arts and the

Collegiate Licensing Company, and $20,000,000 was attributable to the NCAA. *Id.*

Plaintiff sought $4,620,000 in fees from the Electronic Arts recovery, $1,253,200

more than he seeks for the alleged breach of contract here. *Id.* at 13; Compl. ¶¶ 17-

18. To support this claim, he made the exact allegations that support his alleged

breach of contract claims in the present case:

> Moreover, Mr. McIlwain argues that, while he was
> representing the Hart class, he and Keller Plaintiffs'
> counsel reached an agreement that any fees awarded as
> part of the settlement of the right of publicity claims
> asserted in Hart, Keller and Alston should be split with
> sixty percent of the fees going to Keller Plaintiffs'
> counsel and forty percent going to Mr. McIlwain.

Compl. Ex. B at 17. The court rejected this argument and awarded Mr. McIlwain

$696,700 in fees, substantially less than the $3,026,005 in alleged lodestar and

$4,620,000 he sought. *Id.* at 3, 13. Notably, the Court did not allow Plaintiff to

distribute fees to attorneys and staff who allegedly worked for him. The Court ordered Electronic Arts to pay "individuals on whose behalf [Plaintiff McIlwain] seeks fees" directly and ordered Plaintiff to provide "counsel for EA the necessary information for those payments to be made." *Id*. at fn 16. The court also found Plaintiff's fee petition was "replete with entries . . . not reasonably related to the litigation or settlement of the case" leading the Court to "question[] the reliability of his [time] records" and reduce his hourly billing rate and lodestar by more than seventy percent. *Id*. at 32-48. In total, Mr. McIlwain was only awarded $405,000 for his own work.

When allocating fees between the *Keller* Plaintiffs, represented by Hagens Berman, the *Hart* Plaintiffs and Plaintiff McIlwain, Hart's former counsel, the court expressly admonished *Hart's* contribution to the common fund:

> The majority of [the remaining $6,000,000 in fees] will be allocated to <u>Keller</u> Plaintiffs' counsel to compensate them for the outstanding result they secured in this case and the risk they faced in litigating it. The court finds little evidence that the <u>Hart</u> litigation contributed to the common fund.

*Id*. at 25; *see also Id*. at 31 (Deducting the amount the *Keller* Plaintiffs agreed to give to Hart's new counsel from the amount due to them because *Hart* did little to contribute to the common fund.).

### III.   ARGUMENT

11

**A.    This case should be dismissed because the court cannot exercise personal jurisdiction over defendant Hagens Berman.**

Hagens Berman should be dismissed from this action under Federal Rule of Civil Procedure 12(b)(2) because Plaintiff cannot meet his burden of showing this court has personal jurisdiction over the Firm. *Imo Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3d Cir. 1998) (holding plaintiff bears the burden of proving that jurisdiction exists by a preponderance of the evidence.). New Jersey's long arm-statute permits the exercise of jurisdiction to the full extent allowed under the Due Process Clause. *See Senju Pharma. Co., Ltd, et al. v. Metrics, Inc., et al.*, 96 F.Supp.3d 428, 435 (D.N.J. 2015). Under the due process clause, a court may exercise personal jurisdiction over a defendant under two theories: general jurisdiction and specific jurisdiction. *Id*. Hagens Berman is not subject to neither theory.

**i.    There is no general jurisdiction over Hagens Berman.**

General jurisdiction is found when the defendant's contacts with the forum state are "so continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 131 S.Ct. 2846, 2851 (2011). The paradigm forum for the exercise of general jurisdiction is the individual's domicile. *Daimler AG v. Bauman*, 134 S.Ct. 746, 760, 187 L.Ed. 2d 624 (2014). The standard for establishing general jurisdiction "is a difficult one to meet, requiring extensive contacts between a defendant and a

forum." *FDAsmart, Inc. v. Dishman Pharma. and Chemicals Ltd*., et al., 448 N.J.
Super. 195, 202-203, 152 A.3d 948, 952 (Sup. Ct. 2016) (citing *Mishe v. Bracey's
Supermarket*, 420 N.J. Super. 487, 492, 22 A.3d 56 (App. Civ. 2011)).

     Here, there is no serious argument Hagens Berman is subject to general
jurisdiction in New Jersey. Hagens Berman is a limited liability partnership
incorporated in Washington. The Firm does not have an office in New Jersey and
*Alston*—to the extent it was litigated at all—was primarily handled by local
counsel. *See* www.hbsslaw.com/locations (last visited 1/2/2018). Hagens Berman
attorneys have appeared pro hac vice in other, unrelated cases in the forum, but
these sporadic, tenuous contacts with the forum are insufficient to confer general
jurisdiction over the Firm. *See Ajax Enterprises, Inc. v. Szymoniak Law Firm, P.A.*,
No. CIV.A. 05-5903 NLH, 2008 WL 1733095, at *4 (D.N.J. Apr. 10, 2008)
("[P]ro hac vice admission is insufficient to establish general jurisdiction because
an attorney's pro hac vice appearance in an unrelated matter in the forum fails to
establish general personal jurisdiction.") (quoting *Wolk v. Teledyne Industries,
Inc.*, 475 F.Supp.2d 491, 502 (E.D.Pa.2007)); Compl. ¶ 3.

     Plaintiff's only other allegation regarding general jurisdiction is that
"Defendant Hagens Berman Law Firm engaged in active solicitation of Plaintiff to
co-counsel with them in a pending action by contacting him at his law office in
Atlantic County, New Jersey." ¶ 4. Assuming this statement is true for purposes of

this motion, this contact is insufficient to show the substantial and continuous contacts with the forum necessary to assert general jurisdiction over the Firm. *See Elkins v. Grewal,* No. A-5440-05T1, 2007 WL 1931339, at *1 (N.J. Super. Ct. App. Div. July 5, 2007) (holding that contact via telephone by defendant's attorney was, "insufficient to constitute purposeful conduct to confer specific and personal jurisdiction or continuous systematic contact to confer general jurisdiction.").

For these reasons, there is no general jurisdiction over the Firm.

### ii.      There is no specific jurisdiction over Hagens Berman.

To determine whether there is specific jurisdiction over a non-resident, courts apply a three-part inquiry: "(1) Defendant's activities must be purposely directed at the forum; (2) Plaintiff's claims must arise out of or relate to at least one of those specific activities, and (3) the assertion of jurisdiction must be reasonable or otherwise comport with fair play and substantial justice." *See, e.g., Christie v. National Institute for Newman Studies, et al.*, 258 F.Supp.3d 494, 500 (D.N.J. 2017) (internal citations and quotations omitted).

Here, Plaintiff alleges the Firm breached a contract negotiated and (allegedly) executed in California that peripherally involved the *Alston* and *Hart* cases pending in this district. The fact Plaintiff is located in New Jersey and was allegedly injured in New Jersey alone is insufficient to support personal jurisdiction as a matter of law. *See, e.g., Burger King*, 471 U.S. at 278, 105 S.Ct. at

14

2185 (holding: "If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.").

Plaintiff claims the Firm nonetheless subjected itself to jurisdiction by filing suit and having its attorneys seek pro hac vice admission in the district and by communicating with Plaintiff in New Jersey. These allegations are insufficient to permit jurisdiction over Hagens Berman. First, Hagens Berman's actions were not directed at the forum. *Christie*, 258 F.Supp.3d at 500. The alleged contract was negotiated, by Plaintiff's own admission, in California. The e-mail supposedly consummating the agreement was drafted by Plaintiff's co-counsel in Texas—not New Jersey. The Firm filed *Alston* in New Jersey and sought pro hac vice admission, but the motion was never considered by the court and the Firm's attorneys never appeared in the case or otherwise litigated the case in New Jersey. *Alston*—to the extent the case was litigated at all—was handled by local counsel who is not a party to this suit. The fees at issue, moreover, are in an escrow account governed by the laws of California and any decision to withhold those funds took place in Washington or Arizona where the individual law firm partners are located. In short, there were no meaningful activities purposely directed at New Jersey.

15

But even if filing *Alston* is considered sufficient activity aimed at the forum, the *Alston* filing did not give rise to the complaint and is therefore insufficient to support jurisdiction. *National Institute for Newman Studies,* 258 F.Supp.3d at 500. Here, the alleged injury arises from an out-of-state contract resolving a nationwide class action in the Northern District of California. *Alston* did not give rise to Plaintiff's claims. The breach and consequential injury would be the same if *Alston* had never been filed or was pending in another jurisdiction. Because the Firm's conduct giving rise to the complaint occurred entirely outside New Jersey and was not directed at the forum, the fact that the its conduct tangentially affected Plaintiff or cases with connections to New Jersey is insufficient to authorize jurisdiction over the Firm. *Id*. 502.

The allegation the Firm solicited Plaintiff to enter into a co-counsel agreement by "contacting him at his law office in New Jersey," (Compl. ¶ 4) is also insufficient to form the basis for personal jurisdiction. Assuming the allegation is true for purposes of this motion only, the contacts are not tortious conduct directed at the forum and did not give rise to the causes of action. *Id*. Plaintiff is not alleging he was fraudulently induced into a contract. He alleges he negotiated and entered into a contract in California regarding fees and that contract was breached by the Firm in California, Arizona, or Washington. Compl. ¶¶ 3-6. Plaintiff has not alleged Defendants contacted him in New Jersey to discuss terms

16

or conditions regarding the alleged contract or that any other activities that gave rise to the causes of action took place in this forum. Thus, it does not matter that Plaintiff may have received calls in New Jersey to discuss a co-counsel relationship because such calls are not tortious and did not give rise to the causes of action. For these reasons, the first two prongs of the tests set forth in *Christie v. National Institute for Newman Studies* are not met.

But even if Hagens Berman has sufficient minimum contacts with the forum, it would be unfair to require him to litigate this case in New Jersey. *Christie,* 258 F.Supp.3d at 507-508 (recognizing the assertion of jurisdiction must be reasonable or otherwise comport with fair play and substantial justice.). Plaintiff admits the conduct giving rise to the complaint took place primarily in California. He admits he negotiated the alleged contract in California and communicated with Hagens Berman attorneys in California, Washington, or Arizona. He has not alleged Hagens Berman actively litigated *Alston*, and expressly alleges it would have been dismissed for lack of standing. Compl. ¶¶ 7, 9. Plaintiff also appeared in *Keller*, seeking the same fees he seeks here, thereby agreeing the Northern District of California has jurisdiction over this dispute or, at least, is the appropriate venue for this dispute. Under these circumstances, fair play and substantial justice requires the court to decline jurisdiction over Hagens Berman.

**B.      This case should be dismissed because the venue is improper.**

17

Even if this Court has personal jurisdiction over Hagens Berman, Plaintiff's case should be dismissed because this is an improper venue. Under 28 U.S.C. § 1406(a), if a case is filed in an improper venue, it must be either dismissed or transferred "in the interest of justice" to a district "in which it could have been brought." Under the circumstances here, venue is proper in a district where (1) "a substantial part of the events or omissions giving rise to the claim occurred" or (2) where Hagens Berman resides. *See* 28 U.S.C. § 1391(b). Because the events giving rise to the causes of action took place primarily in California (or possibly Arizona or Washington) and Hagens Berman is "at home" in Washington, the District of New Jersey is not a proper venue.

Plaintiff alleges minor events occurred in this District that are, at best, tangentially related to his claims, but those events—alleged phone calls to "solicit" a co-counsel relationship and the filing of a complaint without more—are not a substantial parts of the events giving rise to his claims. *See Al-Ghena Int'l Corp. v. Radwan,* 957 F.Supp.2d 511, 522-523 (D.N.J. 2013) (rejecting argument that defendant soliciting business in New Jersey and conducting unrelated business in the state amounted to substantial events or omissions giving rise to plaintiff's claims.). Because venue is proper in California (or possibly Arizona or Washington)—where the alleged contract was negotiated, and ostensibly executed, performed, and breached—the court should dismiss this action under Rule

18

12(b)(3). *Id*. at 523-524 (recognizing that district where contract was negotiated, executed, performed, and breached is where a substantial part of the acts giving rise to a contract claim generally occur.).

**C.     If the Court is not inclined to dismiss Hagens Berman, it should transfer the case to the Northern District of California.**

Even if personal jurisdiction could be established over Hagens Berman and this District were deemed a proper venue, the most appropriate venue for this suit is the Northern District of California. Courts may transfer a federal action under wither 28 U.S.C. §1406(a), which applies when the plaintiff's choice of venue is improper, or §1404(a), which applies when the plaintiff's choice of venue may be proper but another venue is more appropriate. Here, the case may be properly transferred under either statute.

Senior District Judge Claudia Wilken has presided over the consolidated action, *In re NCAA Student-Athlete Name & Likeness Licensing Litig.,* since 2009. http://www.cand.uscourts.gov/judges/cw/cases/NCAA (last visited 12/12/2017). Judge Wilken is intimately familiar with Mr. McIlwain's claim for fees, having issued a 51-page order addressing the same claims Plaintiff raises here. Compl. Ex. B. Even if Plaintiff's claims are new and not subject to issue or claim preclusion, Judge Wilken is in the best position to efficiently resolve Plaintiff's claims. She has already reviewed the alleged contract between Mr. McIlwain and Defendants, and best understands the complicated history giving rise to this dispute. *Job Haines*

19

*Home for the Aged v. Young*, 936 F.Supp. 223, 234-235 (D.N.J. 1996) (transferring

case under 1404(a) to California where alleged bad acts occurred and because

California courts were intimately familiar with the matter and only New Jersey

contact was fortuitous circumstance that one party happened to reside in the state.);

*Lafferty v. St. Riel*, 495 F.3d 72, 77 (3rd Cir. 2007) (transferring case under

§1404(a) to forum where the cause of action arose).

## IV.   CONCLUSION

For these reasons, the case against Hagens Berman should be dismissed or,

in the alternative, transferred to the Northern District of California.


DATED: January 3, 2018                    By:  s/ Patrick Howard
                                               Simon B. Paris
                                               Patrick Howard
                                               Charles J. Kocher
                                               **SALTZ, MONGELUZZI, BARRETT**
                                               **& BENDESKY, P.C.**
                                               1650 Market Street, 52nd Floor
                                               Philadelphia, PA 19103
                                               Phone: (215) 496-8282
                                               Fax: (215) 496-0999
                                               sparis@smbb.com
                                               phoward@smbb.com
                                               ckocher@smbb.com
                                               Attorneys for Defendant
                                               Hagens Berman Sobol Shapiro LLP

20