TIMOTHY J. McILWAIN, ESQ.
*Admitted Pro Hac Vice*
2020 New Road, Suite A
Linwood, New Jersey 08221
Tel:  (877) 375-9599
Fax: (609) 677-1790
AttorneyMcilwain@me.com

Josh Schein
SCHEIN LAW GROUP
2029 Century Park East, Sutie 400
Los Angeles, California 90067
jschein@scheinlawgroup.com

Attorneys for McIlwain, LLC

# UNITED STATES DISTRICT COURT
# NORTHERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| McIlWAIN, LLC<br><br>Plaintiff,<br><br>v.<br><br>HAGENS  BERMAN  SOBOL SHAPIRO, LLP<br><br>Defendants. | No. 4:18-cv-003127 CW<br><br>**NOTICE OF MOTION FOR SANCTIONS, POINTS AND AUTHORITIES, AND ORDER**<br><br>Date:        OCTOBER 2, 2019<br>Time:        2:30 P.M.<br>Courtroom:        6<br><br>Judge:  Honorable Claudia Wilken |

MOTION FOR SANCTIONS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 2 , 2019, at 2:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the above-entitled court, located a Robert F. Peckham Federal Building & U.S. District Courthouse, 280 South 1st Street, San Jose, California 95113. Plaintiff, McIlwain, LLC, by and through its undersigned counsel, Timothy J. McIlwain, Esq., will and hereby does respectfully move this Court, pursuant to F.R.Civ. P 30 (d)(2) for an order sanctioning Defendant, Hagens Berman Sobol Shapiro (HBSS) for persistent and egregious discovery violations culminating in an incident of witness tampering by Leonard Aragon, Esq. attorney for the defendant, (appearing Pro Hac Vice), during a deposition that occurred on August 16, 2019. The parties had the meet and confer on the written discovery issues on June 19, 2019 at 2:30 MST pursuant to Local Rule 37-1 (a). Attorney Aragon and Attorney McIlwain had a "meet and confer" regarding the witness tampering on August 16, 2019, near the end of the deposition that consisted of Attorney Aragon stating, "'I'm talking to the witness. I can talk to him about anything I want to talk to him about"[1]

Plaintiff respectfully requests this Honorable Court impose in addition to the imposition  of attorney's fees , that the Defendant's pleadings be stricken from the record as well as the sanctions ordered by the Honorable Mark W. Bennett in *The*

---

[1] See Plaintiff's Declaration. The transcript of the deposition is being obtained on an expedited basis and will be furnished to the court upon receipt.

*Security National Bank v Abbott Laboratories* No. C 11-4017-MWB (N.D. Iowa , W.D. 2014).

# TABLE OF CONTENTS

TABLE OF AUTHORITIES----------------------------------------------------v

INDEX TO EXHIBITS-----------------------------------------------------viii

MEMORANDUM OF POINTS AND AUTHORITIES-----------------------------1

I.    STATEMENT OF THE ISSUES TO BE DECIDED---------------------1

II.   STATEMENT OF THE FACTS---------------------------------------1

III.  LEGAL ARGUMENT----------------------------------------------2

    **A. Defendant was under an obligation to produce a witness
whose testimony would be binding on the corporation**-------2

    **B. The Deponent's counsel was continually and inappropriately
coaching the witness with "speaking objections."** -------------4

    C. **The Defendant gave boilerplate objections to Plaintiff's
written discovery as well as boilerplate affirmative defense**-6

    D.  **The Defendant intentionally and knowingly
misled Judge Robert B. Kugler in United States District Court
in New Jersey on  the
issue of Personal Jurisdiction**--------------------------------9

    E.  **Defendant's Counsel engaged in witness
tampering at a deposition**-------------------------------13

IV.   CONCLUSION----------------------------------------------------**17**

1
2

TABLE OF AUTHORITIES

3

**<u>CASES:</u>**

4
5

Applied Telematics, Inc. v. Sprint Corp., 1995 WL 79237
 (E.D. Pa. Feb. 22, 1995)------------------------------------------------------------13

6

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)----------------------------------------6

7
8

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*,
718 F.Supp.2d 1167, 1171-72 (N.D.Cal.2010)--------------------------------8

9

*Barnes & Noble, Inc. v, LSI Corp.*
*845 F. Supp. 945 (N.D. Cal. Feb. 2, 2012)*-------------------------------------7

10

*Bell Atlantic Co. v. Twombly*, 550 U.S. 544 (2007) -----------------------------6

11
12

BNSF Railway Co. v. San Joaquin Valley Railroad Co.,
2009 WL 3872043, at *3-4 (E.D. Cal. Nov. 17, 2009)---------------------------13

13

*Bottoni v. , Sallie Mae, Inc., No. C 10-03602 LB, 2011*
 *WL 3678878, at *1 (N.D.Cal. Aug. 22, 2011)*-----------------------------------7

14
15

*Chambers v. Nasco, Inc.* 501 U.S. 32 (1991)------------------------------------16

16

 ChriMar Systems Inc. v. Cisco Systems Inc.,
 312 F.R.D. 560, 563 (N.D. Cal. 2016--------------------------------------------3

17

 *Cordova v. United States*, 2006 WL 4109659, at *4 (D.N.M. July 30, 2006) -------13

18
19

*CTF Dev., Inc. v. Penta Hospitality LLC*, No. C09-02429,
 2009 WL 3517617, at 7- 8 (N.D. Cal. Oct. 26, 2009)---------------------------8

20

*Great American Ins. Co. of N.Y. v. Vegas Const. Co.,*
*251 F.R.D. 534,540 (D. Nev. 2008)*---------------------------------------------4

21
22

*Hall v. Clifton Precision,  150 F.R.D. 525 ,528 (E.D. Pa. 1993)*----------------------14

*Holland v. Fisher, 1994 WL 878780, at *6 (Mass. Super. Dec. 21, 1994)*--------------13

23
24

In Re Johnson & Johnson Talcum Powder Products &
 Marketing Practices Litigation, MDL No. 16-2738 (D.NJ)-------------------------11

25

 In Re Lipitor Antitrust Litigation,  3:12-cv-3289 (D.NJ)---------------------------11

26

In re Liquid Aluminum Sulfate Antitrust Litigation, Civil Action
No. 16-md-2687 (D. N.J.)------------------------------------------------------11

27

In re Magnesium Oxide Antitrust Litigation, Civ. No, 10-5943 (D.N.J.)----------------11

28

*In Re Stratosphere Corp. Sec. Litig.*, 182 F.R.D. 614 (D.Nev. 1998--------------------14

*King v. Pratt & Whitney, A Div. of United Technologies Corp.*,
161 F.R.D. 475, 476 (S.D. Fla 1995)-----------------------------------------------------5,6

*Keller v. Electronic Arts 4:09-cv-01967. (N.D. Cal.)*------------------------------------10

*McIlwain, LLC v. Berman, Civil Case No. 17-1257*
*(RBK/KMW) (D.N.J. May 24, 2018)*--------------------------------------------------10 n.17

McKenney v. Jersey City Med. Ctr., 167 N.J. 359, 371,
 771 A.2d 1153 (2001)---------------------------------------------------------------------12

Memory Integrity, LLC. Intel Corp.
308 F.R.D. 656, 661 (D. Or. 2015)--------------------------------------------------------4

*Moriarty v. American General Life Insurance Company,*
*Case No. 17-cv-1709 BTM-WVG (S.D. Cal. April 10, 2019)*--------------------------3

*Ngai v. Old Navy*, 2009 WL 2391282, at *4-5 (D.N.J. July 31, 2009)---------------14

Plaisted v. Geisinger Medical Center, 210 F.R.D. 527,
534-35 (M.D. Pa. 2002)---------------------------------------------------------------------13

*Prasad v. Simmons, Case No. 15-cv-04933*
*(N.D. Cal. March 11, 2019)*----------------------------------------------------------------5

 *Roadway Express, [Inc.* v. *Piper 447 U.S.] supra,* at *764*-----------------------------16

*Sports Productions, Inc. v. Mendoza-Govan*, No. C 10-05123
WHA, 2011 WL 1544886, at 1 (N.D.Cal. Apr. 25, 2011)--------------------------------7

*Sprint Comm. Co., L.P. v. The Globe.Com, Inc*.,
236 F.R.D. 524, 527 (D. Kan 2006)------------------------------------------------------4

*Thabo v Z Trans, 452 N.J. Super. 359, 174 A.3d 531*
*(App. Div. 2017)*------------------------------------------------------------------12,12 n.6

*The Security National Bank of Sioux City v. Abbott Laboratories,*
 *Case No. C 11-4017 MWB (N.D. Iowa July 28, 2014)*--------------------14, 17 n.28, 20

*Wyshak v City Nat.Bank*, 607 F.2d 824, 827 (9th Cir.1979)--------------------------------7

**FEDERAL STATUTES:**

Title 18 U.S.C.§ 1512 (b)(1)--------------------------------------------------------16

Title 18 U.S.C. § 1515 (a)(1)-------------------------------------------------------16

Title 28 U.S.C.§ 1927-------------------------------------------------------------16

**NEW JERSEY CONSTITIUTION:**

N.J. Const. art. VI, § 2, ¶ 3------------------------------------------------12,13 n.23

**RULES OF PROFESSIONAL CONDUCT**

RPC 3.3 (a)(5)------------------------------------------------------------------11

**FEDERAL RULES OF CIVIL PROCEDURE:**

Rule 8(b)(1) F. R. Civ. P.----------------------------------------------------------7

Rule 11 F.R.Civ. P.-------------------------------------------------------------2,16

Rule 11 (b)(3) F.R.Civ.P.------------------------------------------------------------9

Rule 12 (f) F.R. Civ. P.-------------------------------------------------------------8

Rule 30 F.R.Civ. P.-----------------------------------------------------------------3

Rule 30(b)(6) F.R. Civ. P.----------------------------------------------------1,2,3,4,5,6

Rule 30(c)(1),F.R.Civ.P. ----------------------------------------------------------13

Rule 30(c)(2) F.R.Civ. P.----------------------------------------------------------15

Rule 30 (d)(2) F.R.Civ. P----------------------------------------------------------4

Rule 30(d)(3) F.R. Civ. ).----------------------------------------------------------5

**NEW JERSEY COURT RULES:**

N.J. Ct. R. 4:14-3(f)--------------------------------------------------------------13

**OTHER AUTHORITIES:**

Kevin C. Baltz, Miller & Martin, "The Scope of 30(b)(6) Depositions"----------------6

## INDEX TO EXHIBITS

1. Defendant's Response to Interrogatories

2. Defendant's Response to Request for Production of Documents

3. Notice of Deposition of Attorney Robert B. Carey pursuant to Rule 30(b)(6) F.R.Civ.P.

4. Transcript of Deposition of Attorney Robert B. Carey pursuant to Rule 30(b)(6) F.R.Civ.P.

5. List of Defense Counsel's Objections and Interjections during the Deposition of Attorney Robert B. Carey pursuant to Rule 30(b)(6) F.R.Civ.P.

6. Video of Attorney Robert Aragon's bathroom conference with non-party deponent Ryan Hart during Deposition August 16, 2019

7. *Moriarty v. American General Life Insurance Company, Case No. 17-cv-1709 BTM-WVG (S.D. Cal. April 10, 2019* (Ex 7-3)

8. Prasad v. Simmons, Case No. 15-cv-04933 (N.D.Cal. March 11, 2019) (Ex 7-2)

9. Kevin C. Baltz, Miller & Martin, "The Scope of 30(b)(6) Depositions" (Ex 9-2-3)

10. Bottoni v. Sallie Mae, Inc., No. C 10-03602 LB, 2011 WL 3678878 (N.D. Cal. August 22, 2011) (Ex 10-1)

11. CTF Dev. Inc., v. Penta Hospitality, LLC No. C09002429 2009 WL 3517617 (N.D. Cal. Oct. 26, 2009 (Ex 11-7-8_

12. Hagens Berman Sobol Shapiro New York Corporate Registration

13. Hagens Berman Sobol Shapiro Website screen shot

14. Ngai v. Old Navy, 2009 WL 2391282 (D.N.J. July 31, 2009) (Ex 14-12)

15. The Security National Bank of Sioux City v. Abbott Laboratories Case No. C 11-4017 MWB (N.D. Iowa July 28, 2014) (Ex 15-5,9)

16. Email from Attorney Robert Carey to Plaintiff suggesting he drop **Har**t appeal. (09/27/2011

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS

### I.   STATEMENT OF THE ISSUES TO BE DECIDED

There are only three issues to be decided in the consideration of this motion.

1. Whether sanctions should be imposed on the defendant?

2. If sanctions are imposed, what form should they take?

3. Whether Attorney Leonard  Aragon's conduct on August 16, 2019, should be referred to the Office of the United States Attorney for the Northern District of California or the District of New Jersey for violation of Title 18 U.S.C.§ 1512?

### II.   STATEMENT OF THE FACTS

On March 31, 2019 Plaintiff served upon the Defendant Interrogatories and a Request for the Production of Documents.  Defendant responded with vague and conclusory boilerplate objections. (See Defendant's responses appended hereto as Exhibits 1  & 2 respectively, in support of this motion.) In addition, Defendant has been evasive and completely non-cooperative in supplying information pertaining to an ESI (Electronically Stored Information) protocol.

On April 3, 2019 Plaintiff attempted to take the deposition of Defendant's designated Rule 30(b)(6) witness, Robert B. Carey, Esq. [2]Attorney Carey, nor his

---

[2] See Plaintiff's Notice of Deposition appended to this motion as Ex 3.

MOTION FOR SANCTIONS

attorney, Leonard Aragon, however, refused to stipulate that his answers would be binding on the corporation (HBSS, LLP) as a matter of law. [3] Furthermore, Attorney Carey was unable to answer a number of questions pertaining to their special defenses , stating that they had been filed with the hope of obtaining evidence later that might support them.[4] During the deposition, Attorney Aragon interjected with 30 "speaking" objections and non-objections. And one "objection" that is an interesting interpretation of Rule 11 F.R.Civ. P. [5]

On August 16, 2019 Defendant took the deposition of a **non-party witness**, Ryan Hart. During Plaintiff's cross-examination of Mr. Hart, Defendant's attorney, Leonard Aragon, requested a bathroom break, steered the witness into the bathroom, and attempted to influence his testimony on a key point in the litigation. [6] [7]

### III.   **LEGAL ARGUMENT**

#### A. **Defendant was under an obligation to produce a witness whose testimony would be binding on the corporation.**

The deposition of Defendant's Rule 30(b)(6) witness did not start well. From

---

[3] See Deposition Transcript of Robert Carey, Esq. -04/03/2019: 7:3-25; 8:1-15. (Hereafter Carey Tr.) (Ex 4.)

[4] (Carey Trans. 222: 3-9).

[5] See list of references -Carey Deposition Transcript: Speaking objections and non-objections. (Ex 5).

[6] Plaintiff's counsel has a video of the incident, a copy of which will be submitted to the court (Ex 6). He has also ordered an expedited transcript of the deposition where Attorney Aragon admits to the incident and attempts to defend it. This transcript will be submitted to the court upon receipt.

[7] These issues are also included in motions before your Honor in Defendant's Motion to Revoke Plaintiff's Appearance Pro Hac Vice, and Plaintiff's Response, scheduled to be heard September 10, 2019.

the outset, the deponent, Robert B. Carey, refused to commit that he was answering

questions on behalf of the corporation. (Carey Tr. 7:3-25; 8:1-14).

In *Moriarty v. American General Life Insurance Company, Case No. 17-cv-1709 BTM-WVG (S.D. Cal. April 10, 2019)[8]* Magistrate Gallo, in his well-reasoned

opinion, ruled that the witness chosen by the deponent was not an appropriate Rule 30

(b)(6) witness as she had clearly not been properly prepared to testify on the topics of

the deposition notice. Similarly to the witness, Carey, in the instant case, the court

found "…that Miller was not adequately prepared or sufficiently knowledgeable to

testify as a Rule 30(b)(6) witness regarding the implementation and application of the

subject statutes. When asked very basic questions, at the outset of the deposition,

Miller often answered that she was either unaware of the answer or had very limited

information."

> The Rule 30 requires a corporation to designate a deponent sufficiently knowledgeable to testify on the corporation's behalf "about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). A party noticing a deposition pursuant to Rule 30(b)(6) must describe with reasonable particularity the matters on which the examination is requested. Id. "However, the `reasonable particularity' requirement of Rule 30(b)(6) cannot be used to limit what is asked of the designated witness at a deposition." ChriMar Systems Inc. v. Cisco Systems Inc., 312 F.R.D. 560, 563 (N.D. Cal. 2016"
>
> The 30(b)(6) notice establishes the minimum about which the witness must be prepared to testify, not the maximum." Id. "Thus, the corporation must not only produce such number of persons as will satisfy the request, but more

---

[8] (Ex 7-3)

importantly, prepare them so that they may give
complete, knowledge[able], and binding answers
on behalf of the corporation." Id[9]

The court then established the responsibilities of the defendant in choosing the

person to be deposed.

When choosing a deponent, "companies have a
duty to make a conscientious, good-faith effort
to designate knowledgeable persons for Rule
30(b)(6) depositions and to prepare them to fully
and unevasively answer questions about the
designated subject matter." *Sprint Comm. Co.,
L.P. v. The Globe.Com, Inc.*, 236 F.R.D. 524,
527 (D. Kan 2006). "[T]he purpose underlying
Rule 30(b)(6) would be frustrated if a corporate
party produces a witness who is unable or
unwilling to provide the necessary factual
information on the entities behalf. Memory
Integrity, LLC. Intel Corp. 308 F.R.D. 656, 661
(D. Or. 2015) Thus, "[i]f an organization
designates a witness it believes in good faith
would be able to provide knowledgeable
responsive testimony and it becomes apparent
during the deposition  that the designee
produced is unable to respond to relevant areas
of inquiry, the responding party has a duty to
designate an additional knowledgeable
deponent. Great American Ins. Co. of N.Y. v.
Vegas Const. Co., 251 F.R.D. 534,540 (D. Nev.
2008).

In the deposition of Attorney Carey, an equity partner in HBSS, the corporation

did neither. From the beginning of the deposition, the deponent was evasive and

refused to confirm that the answers that he gave would be binding on the corporation.

See fn. 3.

## B. **The Deponent's counsel was continually and inappropriately coaching the witness with "speaking objections."**

---

[9]     It should be noted that prior to the deposition defendant had not filed any
objections, nor made known to counsel for the Plaintiff, that it had any objections to
the categories listed in the 30(b)(6) notice.

Throughout the deposition of Attorney Carey counsel for the defendant frequently interjected with speaking objections. [10] Numerous federal courts have expressed their displeasure with this kind of conduct. In *Prasad v. Simmons, Case No. 15-cv-04933 (N.D. Cal. March 11, 2019)*[11] the court sanctioned plaintiff's counsel for numerous speaking objections and ordered Plaintiff's deposition to be retaken if possible.  In addition, the court ordered:

> Defending counsel's objections to a question must be stated concisely in a non-argumentative and non-suggestive manner. For purposes of the further deposition of Mr. Prasad, objections to the form of the question must be stated on the record as "objection to the form of the question" (or an equivalent phrase) without further elaboration, commentary, or remarks. If examining counsel asks defending counsel to explain the basis for the form objection, defending counsel may respond. Defending counsel may only instruct Mr. Prasad not to answer a question as necessary to preserve a privilege or to present a motion to the Court under Rule 30(d)(3). Counsel are reminded that the attorney-client privilege protects only confidential communications between attorney and client made for the purpose of seeking or delivering legal adviceor representation. The privilege does not preclude discovery of facts simply because they are communicated to or from counsel.

Defense counsel continually objected to deposition questions as being "outside the scope of the deposition notice. (See Ex 5.) The majority of jurisdictions do not recognize this as a valid objection.  "[T]he current trend followed by the courts appears to hold that a Rule 30(b)(6) deposition should not be limited to those matters contained in the notice. *In King v. Pratt & Whitney, A Div. of United Technologies Corp., 161*

---

[10] As noted in the Introduction this occurred 30 times. See fn. 5 referring to Ex 5.
[11] Ex 8-2

*F.R.D. 475, 476 (S.D. Fla 1995)* the United States District Court for the Southern of Florida held…Rule 30(b)(6) should not be read to confer some special privilege on a corporate deponent responding to this type of notice. Clearly, Plaintiff could simply re-notice a deponent under the regular notice provisions and ask him the questions that were objected to. However, Plaintiff should not have be forced to jump through that extra hoop absent some compelling reason." Kevin C. Baltz, Miller & Martin, "The Scope of 30(b)(6) Depositions."[12]

As the *King* court stated, in relevant part to this motion, "if the examining party asks questions outside the scope of the matters described in the notice, the general deposition rules govern (i.e. Fed. R.Civ. P. 26(b)(1) , so that relevant questions may be asked and no special protection is conferred on a deponent by virtue of the fact that the deposition was noticed under 30(b)(6). *King v. Pratt & Whitney*, 161 F.R.D. 475-76

C.    **The Defendant gave boilerplate objections to Plaintiff's written discovery as well as boilerplate affirmative defenses**

The Defendant's responses to Plaintiff's written discovery and their special defenses should be stricken by the court.

A number of courts since the decisions of *Bell Atlantic Co. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) have imposed heightened

---

[12] Ex 9- 2-3.

pleading requirements upon the defense's special defenses as they have upon the

Plaintiff. Most notable is *Barnes & Noble, Inc. v, LSI Corp. No. 845 F. Supp. 945*

*(N.D. Cal. Feb. 2, 2012)* where the court struck in part a number of affirmative

defenses in a patent case. Under Federal Rule of Civil Procedure 8(b)(1), a party is

required to state in short and plain terms, its defenses to each claim asserted against it.

Fed.R.Civ.P. 8(b)(1).

The purpose of such a requirement is to give the plaintiff fair notice of the

defense. *Wyshak v City Nat.Bank*, 607 F.2d 824, 827 (9th Cir.1979). "Under Rule

12(f), a court may strike from a pleading an insufficient defense or any redundant

immaterial, impertinent, or scandalous matter. Fed.R.Civ.P. 12(f)."

Most courts have held that the *Ashcroft/Twombly* pleading standards apply to

affirmative defenses, such that they must state a plausible claim for relief. See, e.g.,

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167,

1171-72 (N.D.Cal.2010) (Patel,J.) ("While neither the Ninth Circuit nor any other

Circuit Courts of Appeals has ruled on this issue, the vast majority of courts presented

with the issue have extended *Twombly's* heightened pleading standard to affirmative

defenses" *Sports Productions, Inc. v. Mendoza-Govan*, No. C 10-05123 WHA, 2011

WL 1544886, at 1 (N.D.Cal. Apr. 25, 2011) ("Twombly's heightened pleading

standard applies to affirmative defenses*") Bottoni v. , Sallie Mae, Inc., No. C 10-*

*03602 LB, 2011 WL 3678878, at *1 (N.D.Cal. Aug. 22, 2011)*; [13] ("[C]ourts in this district consistently have applied the Twombly- Iqbal pleading standard to the pleading of affirmative defenses, requiring the defendant to allege enough facts to state a claim to relief that is plausible on its face." See also, *CTF Dev., Inc. v. Penta Hospitality LLC*, No. C09-02429, 2009 WL 3517617, at 7- 8 (N.D. Cal. Oct. 26, 2009.)[14]

Plaintiff recognizes that motions to strike affirmative defenses are generally disfavored in the federal courts. "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits." (Cite Omitted.) *Barnes & Noble v. AT& T Pension Benefit Plan Non-Bargained Program*, 718 F.Supp. 2d 1167 (N.D. Cal.2010). Nonetheless, the District Court struck the 17 of the defendant's 24 special defenses.

"The court can see no reason why the same principles applied to pleading claims should not apply to the pleading of affirmative defenses which are also governed by Rule 8. Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply: Hayne, 263 F.R.D. at 650; see also CTF Dev.,

---

[13] Ex 10-1
[14] Ex 11-7-8

Inc., 2009 WL 3517617, at *7-8. Applying the same standard will also serve to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants pleadings where many of the defenses alleged are irrelevant to the claims asserted. "718 F. Supp at 1172.

Applying the standards laid out above to the Defendants' pleadings in the instant case, the court can readily see that they suffer from the same deficiencies that the courts struck in those cases. Plaintiff, is not requesting however, that Defendants affirmative defenses be stricken merely because of the infirmities in their pleading, nor that they failed to adhere to Rule 11 (b)(3) " in that the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…"[15]

Plaintiff is requesting that this court strike the defendants pleadings and discovery responses as a sanction for the unethical and illegal conduct of the Defendant and their counsel in the litigation of this case.

### D. **The Defendant intentionally and knowingly misled Judge Robert B. Kugler in United States District Court in New Jersey on the issue of Personal Jurisdiction.**[16]

This case began in the U.S. District Court in New Jersey. (See Dkt #1).

---

[15] See Carey Tr; 207: 17-25; 208:1-3: 211: 19-25; 212: 1-6; 221: 14-25; 222: 3-9.
[16] The issue of the defendant's discovery issues, the unethical conduct before Judge Kugler in New Jersey, and the witness tampering during the deposition that occurred on August 16, 2019, has been raised with Your Honor in Plaintiff's Response to Defendant's Motion to Revoke Plaintiff's Pro Hac Vice appearance . Dkt # 95 scheduled to be heard September 10, 2019.

Defendants convinced the District Court in New Jersey that the Northern District of California was the appropriate venue, by misrepresenting to the court that the Northern District of California had the appropriate relationship with the matter, as it was part of  Keller v. Electronic Arts 4:09-cv-01967. (N.D. Cal.). [17]

In fact, while this court, in its decision on attorney fee division in the *EA Sports* litigation briefly alluded to the contract at issue in this case, it refused to consider the merits of the contract claim.[18] The sole reason Defendants wanted to move the case from New Jersey, where Attorney McIlwain was licensed in both the state and federal courts to California, was to force counsel to either hire counsel to represent him or agree to be his local counsel for the purposes of appearing Pro Hac Vice, if he wanted to pursue his case.  , Plaintiff, of course, would also have to incur additional expenses in litigating his case in California.[19]

Defendant further misrepresented to the New Jersey District Court that it did not have the requisite minimum contacts with New Jersey to confer personal jurisdiction in the court. Plaintiff respectfully requests this court take judicial notice of a corporate filing with the Secretary of State for New York State showing their registration as a foreign corporation doing business in the State of New York in **2009** (Ex 12)

---

[17] *McIlwain, LLC v. Berman, Civil Case No. 17-1257 (RBK/KMW) (D.N.J. May 24, 2018)*
[18] See Decision December 10, 2015 by the Honorable Claudia Wilken pertaining to the division of attorney's fees.
[19] Obviously, the same is true of Defendant trying the case in New Jersey. The court, however, should examine the huge disparities in resources between the two firms in balancing the equities.

Plaintiff similarly requests that this court take judicial notice of the Defendant's website where they announce "Hagens Berman's New York office supports the firm's growing caseload in the federal courts of New York and **New Jersey."** (Ex 13).[20] . (Emphasis added.) Plaintiff further requests this court take judicial notice of **In re Liquid Aluminum Sulfate Antitrust Litigation**, Civil Action No. 16-md-2687 (D. NJ.) **where defendant filed an appearance on behalf of the City of Newark, New Jersey**. See also, **In Re Johnson & Johnson Talcum Powder Products & Marketing Practices Litigation**, MDL No. 16-2738 (D.NJ) where Defendant filed an appearance on behalf of Plaintiff.  In fact, both Attorneys Berman & Shapiro appeared for Defendant, Hagens Berman, Sobol Shapiro LLP  on behalf of the Plaintiff, in **In re Magnesium Oxide Antitrust Litigation,** Civ. No, 10-5943 (D.NJ). See also ,  In **Re Lipitor Antitrust Litigation**,  3:12-cv-3289 (D.NJ). Attorneys Berman and Sobol appearing for Plaintiff in that case. At no time did Defendant inform Judge Kugler of these past or concurrent representations. Plaintiff respectfully requests that this court take judicial notice of the fact that the appearance by attorneys Berman and Shapiro were not entered **Pro Hac Vice** in the **Magnesium Oxide** case nor were the appearances of attorneys Berman and Sobol in the **Lipitor Antitrust Litigation**. None of the appearances of HBSS were entered Pro Hac Vice.

New Jersey Rules of Professional Conduct (RPC) 3.3  **Candor Towards The**

---

[20] This court, of course, may take judicial notice of the fact that the complaint filed in New Jersey in this action , was filed in 2017

**Tribunal**, states, unequivocally, "(a) [a] lawyer shall not knowingly…(5) fail to disclose to the tribunal a material fact knowing that the omission is reasonably certain to mislead the tribunal, except that it shall not be a breach of this rule if the disclosure is protected by a recognized privilege or is otherwise prohibited by law."[21] At no time did defense counsel inform the court of cases that the firm was handling concurrently in the District of New Jersey. Plaintiff respectfully submits that if Judge Kugler had this information, he might very well have ruled differently on Defendant's motion to change venue.  Plaintiff respectfully suggests that this matter should be referred to bar counsel for the District (s) of New Jersey, California and/or Arizona, for deliberately misleading the New Jersey District Court. [22]See, *Thabo v Z Trans, 452 N.J. Super. 359, 174 A.3d 531 (App. Div. 2017).* "This material omission by defendant's counsel indisputably contributed to the judge's error and may have constituted a violation of an attorney's "obligation of candor to each other and to the judicial system, which includes a duty of disclosure to the court and opposing counsel." McKenney v. Jersey City Med. Ctr., 167 N.J. 359, 371, 771 A.2d 1153 (2001). See also RPC 3.3(a)(5) (prohibiting an attorney from knowingly failing "to disclose to the tribunal a material fact knowing that the omission is reasonably certain to mislead the tribunal[.]")."  174 A.3d at 536.[23]

---

[21] California's Rules of Professional Conduct are identical.

[22] Defense counsel also acted unethically during the EA Sports litigation when it tried to pressure Plaintiff to sell out his client by dropping his appeal to the 3rd Circuit in **Hart.** (See E mail from Exhibit 16.).

[23] In footnote 6 of the court's decision in Thabo, the court said, "[h]owever, it is beyond our role and

1
2

### E. **Defendant's Counsel engaged in witness tampering at a deposition.**

3
4
5

On August 16, 2019 Attorney Aragon, during a deposition of **non-party witness** Ryan Hart, in clear violation of F.R.Civ.P. 30(c)(1), called for a break in the

6

deposition during Plaintiff's questioning, brought him into the bathroom, and

7

attempted to influence him to change his previous testimony. This act is forbidden in

8
9

the District of New Jersey, where the deposition occurred. See BNSF Railway Co. v.

10

San Joaquin Valley Railroad Co., 2009 WL 3872043, at *3-4 (E.D. Cal. Nov. 17,

11

2009) (sanctioning an "unscheduled break . . . for the witness when a question was

12
13

pending"); Cordova v. United States, 2006 WL 4109659, at *4 (D.N.M. July 30,

14

2006) (sanctioning "off-the-record conferences during the deposition while a question

15

was pending"); Plaisted v. Geisinger Medical Center, 210 F.R.D. 527, 534-35 (M.D.

16
17

Pa. 2002) (opposing counsel allowed to inquire into substance of conferences that

18

occurred while questions were pending); Applied Telematics, Inc. v. Sprint Corp.,

19
20

1995 WL 79237 (E.D. Pa. Feb. 22, 1995) (conferring while a question was pending;

21

N.J. Ct. R. 4:14-3(f) (no conferences "while testimony is being taken except with

22

regard to the assertion of a claim of privilege, a right of confidentiality or a limitation

23

pursuant to a previously entered court order"); *Holland v. Fisher, 1994 WL 878780,*

24
25
26
27
28

authority as an intermediate appellate court to make any determination concerning whether
defendant's counsel committed an ethical violation. Our State Constitution expressly provides the
Supreme Court with the 'exclusive jurisdiction over the admission to the practice of law and the
discipline of persons admitted." **N.J. Const**. art. VI, § 2, ¶ 3" Plaintiff is unaware of any bar to a U.S.
District Court making the referral.

*at \*6 (Mass. Super. Dec. 21, 1994)* (an attorney has no right to confer with a deponent while a question is pending); cf. Ngai v. Old Navy, 2009 WL 2391282, at \*4-5 (D.N.J. July 31, 2009). (The court ruled that the "crime/fraud" exception may apply to pierce attorney/client privilege, where counsel was texting his client during the deposition .)[24]

The seminal case in this area is *Hall v. Clifton Precision, 150 F.R.D. 525 ,528 (E.D. Pa. 1993)* where Judge Gawthrop laid down an absolute rule stating that a lawyer and a deponent has no right to confer during a break in a deposition. These conferences tend at the very least to give the appearance of obstructing the truth and specifically, the rules also applied during recesses. Judge Gawthrop extended the rule to fortuitous breaks such as lunch or dinner. Other courts would not go so far, but absolutely prohibited conferring where either the attorney or the deponent called for the break. See, e.g. *In Re Stratosphere Corp. Sec. Litig., 182 F.R.D. 614 (D.Nev. 1998).*

In *The Security National Bank of Sioux City v. Abbott Laboratories, Case No. C 11-4017 MWB (N.D. Iowa July 28, 2014)*,[25] .the court addressed two issues in imposing sanctions on defense counsel. One was inappropriate "form objections" during a deposition. [26] The other was witness coaching during a deposition through the

---

[24] Ex 14-12
[25] Ex 15-5
[26] See Sec. B pg 8 of this motion.

use of "speaking" objections.

> While there appears to be disagreement about the validity of "form" objections, the law clearly prohibits a lawyer from coaching a witness during a deposition. Under Rule 30(c)(2), deposition "objection[s] must be stated concisely in a nonargumentative and nonsuggestive manner." See also Fed. R. Civ. P. 30, advisory committee notes (1993 amendments) ("Depositions frequently have been . . . unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond."). This clause mandates what should already be obvious—lawyers may not comment on questions in any way that might affect the witness's answer:
> The Federal Rules of Evidence contain no provision allowing lawyers to interrupt the trial testimony of a witness to make a statement. Such behavior should likewise be prohibited at depositions, since it tends to obstruct the taking of the witness's testimony. It should go without saying that lawyers are strictly prohibited from making any comments, either on or off the record, which might suggest or limit a witness's answer to an unobjectionable question.

*Abbott Laboratories pg 5.*

While many of the cases on this subject contemplate that the witness is one of the parties and some of the cases say that consultation could be appropriate to assert a claim of privilege. The case at bar, however, goes far beyond that situation. In the case at bar, Attorney Aragon called for a bathroom break during the Plaintiff's cross examination, and then pulled **non-party witness**, Ryan Hart, into the bathroom in an attempt to influence his testimony. When he was confronted by Plaintiff 's counsel, outside the bathroom, Attorney Aragon stated "'I'm talking to the witness. I can talk to him about anything I want to talk to him about"[27]

The civil rules generally addressed this situation in Rule 30(d)(2) F.R.Civ.P.. It does not seem to have been presented to the civil courts for adjudication before, since

---

[27] See fn 6.

the specific conduct of Attorney Aragon is so egregious,  Plaintiff is unable to find a

reported case specifically addressing this specific set of facts.

This issue is, however, addressed in the federal criminal code. Title 18 U.S.C. §

1512 (b)(1) addresses this specific situation. "Whoever knowingly …corruptly

**persuades another person**, or **attempts to do so**, **with intent to influence,** delay or

prevent **the testimony of any person in an official proceeding**…shall be fined under

this title or imprisoned not more than twenty years, or both." (Emphasis added.)

Under (f) of the same section, the official proceeding does not even need to be

pending at the time.

Title 18 U.S.C. § 1515 (a) (1) defines official proceeding as a proceeding before

a judge or court of the United States, a United States magistrate judge…

This court is not limited to the sanctions contemplated by either Rule 11 F.R.

Civ. P or 28 U.S.C.§ 1927. This court has the inherent authority to punish any abuse

of the judicial system. *Chambers v. Nasco, Inc*. 501 U.S. 32 (1991). "Because of their

very potency, inherent powers must be exercised with restraint and discretion.

See *Roadway Express, [Inc.* v. *Piper 447 U.S.] supra,* at *764*. A primary aspect of that

discretion is the ability to fashion an appropriate sanction for conduct which abuses

the judicial process." 501 U.S. at 44-5.

## IV.   **<u>CONCLUSION</u>**

Wherefore, for the foregoing reasons, Plaintiff requests the following relief:

1. That the Defendant's answer and affirmative defenses be stricken from the record.

2. That the Plaintiff be awarded attorney's fees for attendance at both depositions.

3. That the Plaintiff be awarded attorney's fees for the preparation of this motion.

4. That Defendant, be required to produce a video instructing the attorneys in its firm how **<u>not</u>** to conduct themselves during the discovery phase of litigation and generally emphasizing courtesy to counsel and opposing parties.[28]

5. Such other, further and different relief that as to this court appears just and equitable.

6. While not being requested as relief for the Plaintiff in this matter, Plaintiff recommends that a copy of the transcript of the deposition of Ryan Hart, that occurred on August 16, 2019, be certified (when received) , a copy of Plaintiff's video of the encounter, (Ex 6), as well as this motion and Defendant's response  be forwarded to the Office of the United States

---

[28] *The Security National Bank of Sioux City v. Abbott Laboratories, Case No. C 11-4017 MWB (N.D. Iowa July 28, 2014) (Ex 15-9)*

Attorney for the Northern District of California and the District of New

Jersey, as well as the State Bar of Arizona for their information.

DATED: This _____day of August, 2019.

Respectfully submitted,

Plaintiff, McIlwain, LLC

by S/**Timothy J McIlwain, Esq.** Pro Hac Vice
Timothy J McIlwain

TIMOTHY J. McILWAIN, ESQ. ,Pro Hac
Vice
2020 New Road, Suite A
Linwood, New Jersey 08221
Tel:  (877) 375-9599
Fax: (609) 677-1790
Email:  AttorneyMcilwain@me.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| McIlWAIN,LLC<br><br>Plaintiff,<br><br>v.<br><br>HAGENS  BERMAN  SOBOL<br>SHAPIRO, LLP<br><br>Defendants. | No. 4:18-cv-003127 CW<br><br>**ORDER ON MOTION FOR SANCTIONS**<br><br>Date:        October 1, 2019<br>Time:        2:30 p.m..<br>Courtroom:        6<br><br>Judge: Honorable Claudia Wilken |

This court, having considered relevant pleadings of the parties on Plaintiff's

Motion for Sanctions, orders the following:

    1.  Plaintiff 's Motion is GRANTED:

    2.  The Plaintiff is awarded attorney's fees in the amount of

3. The answer and affirmative defenses filed by the Defendant are ordered stricken from the record.

4. The defendants are ordered to produce a video consistent with the court's ruling in *The Security National Bank of Sioux City v. Abbott Laboratories, Case No. C 11-4017 MWB (N.D. Iowa July 28, 2014)* and submit it to the court, for the court's approval no later than

5. Plaintiff's motion. Defendant's response, a copy of Plaintiff's video (Ex 6) and  a copy of the transcript of the deposition of the non-party witness, Ryan Hart that was taken on August 16, 2019, will be certified and forwarded to the Office of the United States Attorney for the Northern District of California and the District of New Jersey as well as the State Bar of Arizona.

IT IS SO ORDERED:

DATED: THIS _____day of

_____,2019

_____
Claudia Wilken, U.S.D.J.