IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MCILWAIN, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>STEVE W. BERMAN, et al.,<br><br>    Defendants. | Case No. 18-cv-03127 CW<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO REVOKE PRO HAC VICE ADMISSION AND FOR MONETARY SANCTIONS<br><br>(Dkt. No. 93) |

In this action for breach of contract and related claims, Defendant Hagens Berman Sobol Shapiro LLP (Hagens Berman) moves for an order revoking the pro hac vice admission of Timothy Joseph McIlwain (McIlwain), who is counsel for Plaintiff McIlwain, LLC (Plaintiff).  Docket No. 93.  McIlwain filed an untimely opposition to the motion.  Docket No. 95.  For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND

On January 31, 2019, McIlwain, an out-of-state attorney, filed an application under Civil Local Rule 11-3 to appear pro hac vice as counsel for Plaintiff.  Application at 1, Docket No. 73.  There, McIlwain represented, among other things, that he was an active member in good standing of the bar of the United States District Court for the District of New Jersey, and that his local co-counsel would be Josh Schein.  Id.  He also declared under penalty of perjury that he would "familiarize [him]self with, and abide by, the Local Rules of this Court, especially the Standards

of Professional Conduct for attorneys and the Alternative Dispute Resolution Local Rules." Id. The Court granted the application on February 4, 2019, "subject to the terms and conditions of Civil L.R. 11-3." Order at 2, Docket No. 74.

Hagens Berman now moves for an order revoking McIlwain's pro hac vice admission and for an order sanctioning McIlwain, under 28 U.S.C. § 1927 and the Court's inherent power, in the amount of the attorneys' fees and costs it incurred in connection with the present motion. Hagens Berman contends, and McIlwain does not dispute in his untimely opposition, that McIlwain has failed to comply with his obligations under Civil Local Rule 11, which include complying with the local rules and the applicable standards of professional conduct. Although some of McIlwain's problematic conduct as described in the motion involves repeated failures to comply with discovery obligations, Hagens Berman has not filed a discovery letter brief or taken any other action to seek Court intervention in connection with such conduct.

## LEGAL STANDARD

### I. Pro hac vice admission

An attorney who is not a member of the bar of this Court may apply to appear pro hac vice in a particular action in this district by submitting to the Clerk a certificate of good standing issued by the appropriate authority governing attorney admissions for the relevant bar, a written application, and an oath certifying: (1) that he or she is an active member in good standing of the bar of a United States Court or of the highest court of another State or the District of Columbia; (2) that he or she agrees to abide by the standards of professional conduct

2

set forth in Civil Local Rule 11-4[1], and to become familiar with the local rules and alternative dispute resolution programs of this Court and, where applicable, with the bankruptcy local rules; and (3) that an attorney, identified by name and office address, who is a member of the bar of this Court in good standing and who maintains an office within the State of California, is designated as co-counsel.  Civil L.R. 11-3(a).

The assigned judge "shall have discretion to accept or reject the application."  Civil L.R. 11-3(c).  "When a district court admits an attorney pro hac vice, the attorney is expected to follow local rules."  In re Bundy, 840 F.3d 1034, 1047 (9th Cir. 2016) (citation omitted).

A district court may revoke an attorney's pro hac vice admission under its inherent power "to control admission to its bar and to discipline attorneys who appear before it."  Lasar v. Ford Motor Co., 399 F.3d 1101, 1118 (9th Cir. 2005) (citation and internal quotation marks omitted).  "Pro hac vice counsel, once admitted, are entitled to notice and an opportunity to respond before being disqualified and having their status revoked."  Cole v. U.S. Dist. Court For Dist. of Idaho, 366 F.3d 813, 822 (9th Cir. 2004).  That said, the "opportunity to be heard does not require an oral or evidentiary hearing on the issue . . . the

---

[1] Civil Local Rule 11-4 requires every attorney admitted to practice in this Court under Civil Local Rule 11 to: (1) be familiar and comply with the standards of professional conduct required of members of the State Bar of California; (2) comply with the local rules; (3) maintain respect due to courts of justice and judicial officers; (4) practice with the honesty, care, and decorum required for the fair and efficient administration of justice; (5) discharge his or her obligations to his or her client and the Court; and (6) assist those in need of counsel when requested by the Court.

3

opportunity to brief the issue fully satisfies due process requirements." Lasar, 399 F.3d at 1112 (internal citation and quotation marks omitted). "These minimal procedural requirements give an attorney an opportunity to argue that his actions were an acceptable means of representing his client, to present mitigating circumstances, or to apologize to the court for his conduct." Id. at 1110 (citation omitted).

II. Sanctions under 28 U.S.C. § 1927

Any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; see also Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1117 (9th Cir. 2000) ("Section 1927 authorizes the imposition of sanctions against any lawyer who wrongfully proliferates litigation proceedings once a case has commenced."). "The imposition of sanctions under § 1927 requires a finding of bad faith." Pac Harbor Capital, 210 F.3d at 1118. An attorney subject to sanctions under Section 1927 is "entitled to due process, including notice and an opportunity to be heard. However, an opportunity to be heard does not require an oral or evidentiary hearing on the issue." Id. (internal citation and quotation marks omitted). "The opportunity to brief the issue fully satisfies due process requirements." Id. (citation omitted).

//

4

III. Sanctions under the Court's inherent authority

A district court's inherent authority to impose civil sanctions "can be invoked even if procedural rules exist which sanction the same conduct." Chambers v. NASCO, Inc., 501 U.S. 32, 49 (1991). "[A]n assessment of attorney's fees is undoubtedly within a court's inherent power." Id. at 45. That said, a finding of "bad faith or conduct tantamount to bad faith" is required to impose sanctions under the court's inherent authority. Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001).

ANALYSIS

I. Revoking McIlwain's pro hac vice admission is warranted

Hagens Berman moves for an order revoking McIlwain's pro hac vice admission. Hagens Berman contends that the relief it seeks is warranted because McIlwain has failed to meet his obligations under Civil Local Rule 11, as follows: (1) McIlwain failed to participate meaningfully and promptly in conferences required by Rule 26(f) and meet-and-confers required by the local rules; (2) McIlwain failed to timely produce complete responses to discovery requests and to exchange ESI information required by Rule 26; (3) McIlwain made misrepresentations and false promises regarding the timing and scope of his discovery responses and other matters, and has ignored communications regarding this litigation; (4) McIlwain failed to attend a mediation in person[2], failed to ensure that other counsel for Plaintiff would appear in his stead, and

---

[2] McIlwain represents that he was unable to attend the mediation in person because his flight was cancelled. He provides no explanation, however, for why he was unable to arrange for other counsel to attend the mediation in person in his stead, or why he was unable to purchase another flight. See Opp'n at 8, Docket No. 95; McIlwain Decl. ¶ 1, Docket No. 96.

1 failed to notify Hagens Berman of the fact that no counsel would
2 appear in person at the mediation on behalf of Plaintiff; and (5)
3 McIlwain failed to submit a mediation statement as required by
4 ADR Local Rule 6-7.  Motion at 1-11, Docket No. 93.

5     In his opposition, which was untimely[3], McIlwain does not
6 dispute any of Hagens Berman's assertions with respect to his
7 conduct.  See Opp'n at 2-3, Docket No. 95.  McIlwain simply
8 asserts, in conclusory fashion, that "there is good cause" for
9 any failure on his part to comply with any rule or deadline,
10 namely a "personal matter involving the custody of [his] 3 year
11 old daughter in the state of Kentucky."  Id. at 2.  McIlwain does
12 not elaborate on this personal matter or explain why it would
13 justify his failure to comply with applicable rules.  Id.  The
14 remainder of McIlwain's opposition is devoted to accusing Hagens
15 Berman of misconduct, but McIlwain does not explain why any such
16 misconduct, even if committed, would have any bearing on the
17 issues raised in the present motion.[4]  See id. at 4-10.

18     Because McIlwain does not dispute that he has violated the
19 local rules and the rules of professional conduct as described in
20 Hagens Berman's motion, the Court concludes that revoking
21 McIlwain's pro hac vice admission is warranted.  McIlwain's pro
22 hac vice admission expressly was "subject to the terms and
23 conditions of Civil L.R. 11-3."  See Order at 2, Docket No. 74.
24 Civil Local Rule 11-3 requires an out-of-state attorney seeking

---

[3] Although McIlwain's opposition was tardy, the Court has reviewed and considered it and its attachments for the purpose of resolving the present motion.

[4] McIlwain states in his opposition that he will submit other supporting materials "under separate cover for in camara [sic] review," but he has not lodged any materials.  The record is limited to documents that are publicly accessible on ECF.

to appear in this Court pro hac vice to certify under oath that he will abide by the rules of professional conduct described in Civil Local Rule 11-4, which include the local rules of this district.  See Civil L.R. 11-4.  McIlwain's implicit admission that he has failed repeatedly to comply with these rules is sufficient to revoke his right to appear pro hac vice in this action.

Separately, the docket reflects multiple instances of McIlwain's failure to abide by applicable rules and practices.  See, e.g., Order of March 5, 2019, at 2 (noting in response to a letter that McIlwain filed that "[t]his letter and the requests therein do not comply with the Court's standing orders or the local rules of this District").  The Court has instructed McIlwain on several occasions to comply with all applicable rules.  See, e.g., id. ("The parties are reminded to consult and comply with all applicable standing orders and local rules.  In the future, the Court will not consider any filings or requests made in violation of any applicable standing order or local rule.").  Yet, McIlwain has continued to disregard the Court's orders requiring compliance with applicable rules.  One of the most recent examples of McIlwain's indifference to the Court's orders and applicable rules is McIlwain's opposition to the

7

present motion[5], which he filed three days late.[6]  See Docket No. 95.

Where, as here, "an out-of-state attorney suggests through his behavior that he will not 'abide by the court's rules and practices,' the district court may reject his pro hac vice application."  In re Bundy, 840 F.3d at 1042 (citation omitted).  In light of McIlwain's pattern of disregard of applicable rules and procedures, and in an effort to promote the orderly administration of justice, the Court revokes McIlwain's pro hac vice admission.  See In re U.S., 791 F.3d 945, 957 (9th Cir. 2015) ("[A] court's decision to deny pro hac vice admission must be based on criteria reasonably related to promoting the orderly administration of justice, or some other legitimate policy of the courts[.]").

---

[5] The opposition was due by August 13, 2019; McIlwain filed his opposition on August 16, 2019.  See Docket No. 95.  McIlwain states in his opposition that Hagens Berman agreed to a two-day extension of the deadline to file an opposition, which Hagens Berman does not dispute.  The opposition still would have been late even if the two-day extension had had any legal effect.  The two-day extension was ineffectual, however, because McIlwain never sought a Court order approving any such extension as required by Civil Local Rule 6-1(b).  See Civil L.R. 6-1(b) (requiring a court order for any enlargement of time that alters a deadline that involves papers required to be filed or lodged with the court).  A request for an extension must be filed no later than fourteen days before the scheduled event or deadline.  Id.

[6] Another example of a failure to comply with applicable rules is McIlwain's "objection to reply evidence."  See Docket No. 104.  A party may file objections to reply evidence "within 7 days after the reply is filed," but such objections "may not include further argument on the motion."  See Civil L.R. 7-3(d)(1).  McIlwain filed his objection eight days after the reply was filed, so it is untimely.  Moreover, the objection fails to comply with Civil Local Rule 7-3(d)(1) for the additional reason that it contains further argument on the motion.  In any event, McIlwain's objection has no impact on any of the findings and conclusions herein, which do not rely on any of the materials to which McIlwain objects.

## II. Monetary sanctions are not warranted at this time

Hagens Berman requests that the Court sanction McIlwain under 28 U.S.C. § 1927 and its inherent authority in the amount of the attorneys' fees and costs it incurred in filing the present motion. This request is predicated on the same violations of local rules and standards of professional conduct that formed the basis of its request to revoke McIlwain's pro hac vice admission. In its opening brief, Hagens Berman did not specify either a precise amount, or even an estimate, of the fees and costs it would seek as a sanction; in its reply brief, Hagens Berman specified for the first time that it seeks $22,514 in fees and $510 in costs, which it claims represent seventy percent of the fees and costs it incurred in preparing and filing the present motion. See Reply at 1, Docket No. 97.

The Court declines to impose monetary sanctions on McIlwain at this time. First, Hagens Berman failed to include in its opening brief an estimate or range, much less a precise amount, of the fees and costs it would request as a sanction against McIlwain; it waited to provide detailed information about its requested fees and costs until it filed its reply. See generally Motion, Docket No. 93; Reply at 1, Docket No. 97. The lack of specificity in Hagens Berman's opening brief as to the amount of monetary sanctions at stake deprived McIlwain of sufficient notice and an opportunity to fully respond in writing to the request for monetary sanctions.

Second, Hagens Berman has not shown that McIlwain's conduct was in bad faith or was tantamount to bad faith. To warrant the imposition of sanctions under either 28 U.S.C. § 1927 or the

9

Court's inherent authority, the conduct at issue must rise to the level of bad faith or its equivalent. See Pac Harbor Capital, 210 F.3d at 1118 ("The imposition of sanctions under § 1927 requires a finding of bad faith."); Fink v. Gomez, 239 F.3d at 994 (holding that a finding of "bad faith or conduct tantamount to bad faith" is required to impose sanctions under the court's inherent power). Here, based on the record, the Court cannot conclude that McIlwain's conduct was the equivalent of bad faith, which would warrant sanctions, as opposed to being the result of mere negligence without more, which would not warrant sanctions. See MGIC Indem. Corp. v. Moore, 952 F.2d 1120, 1121–22 (9th Cir. 1991) (reversing imposition of sanctions where the conduct at issue was "as consistent with negligence as with bad faith").

Finally, Hagens Berman has not shown that a sanction of more than $20,000 would be properly tailored to the conduct at issue. Hagens Berman has cited no case in which a court has imposed a sanction of more than $20,000 based on behavior and circumstances similar to those at issue here.

Accordingly, Hagens Berman's request for monetary sanctions is DENIED.

//

CONCLUSION

Hagens Berman's motion is GRANTED IN PART and DENIED IN PART. The motion for an order revoking Timothy Joseph McIlwain's pro hac vice admission is GRANTED. The request for an award of attorneys' fees and costs as a sanction against McIlwain is DENIED.

Nothing in this Order is intended to resolve any dispute arising from a failure by any party to comply with its discovery obligations. As has been stated in prior Orders, any discovery disputes must be addressed and resolved pursuant to the preferred procedures of Magistrate Judge Cousins.

Joshua Schein and Eric Rouen are counsel for Plaintiff McIlwain, LLC. See Docket Nos. 72, 92. All parties and their counsel are ordered comply with upcoming deadlines, which include: (1) the close of discovery on August 30, 2019; (2) the deadline for Hagens Berman to file an opposition to Plaintiff's motion for partial summary judgment, which is September 13, 2019; (3) the deadline for Plaintiff to file a reply in support of its motion for partial summary judgment, which is September 27, 2019; (4) the hearing on the motion for partial summary judgment, which will be held on October 15, 2019, at 2:30 p.m. See Docket No. 91.

IT IS SO ORDERED.

Dated: September 9, 2019

CLAUDIA WILKEN
United States District Judge